IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE LUDWIG | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WELLPATH, LLC, et al. | : | NO. 22-487 |

MEMORANDUM

Bartle, J.                                                  May 12, 2022

Plaintiff George Ludwig, an inmate at the State Correctional Institution-Phoenix ("SCI Phoenix"), has brought this action under 42 U.S.C. § 1983 for violation of his rights under the Eighth and Fourteenth Amendments to the Constitution and for negligence under state law.  He has sued defendants Wellpath LLC, Dr. Stephen David Weiner, Dr. Anthony Letizio, and Joseph Walsh.  Wellpath has a contract with the Pennsylvania Department of Corrections to provide medical services to inmates at SCI Phoenix.  Dr. Weiner was the Wellpath Medical Director at SCI Phoenix while Dr. Letizio was a physician and Walsh was a physician's assistant, both employed by Wellpath at the prison.  Plaintiff maintains that he suffers from hip degeneration and that as a result of defendants' actions and inactions he has not received much-needed hip surgery.

Defendants have moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  Defendants contend that plaintiff has

not made sufficient allegations to meet the requirements of a
constitutional violation, that is that defendants' conduct
constitutes "deliberate indifference to serious medical needs."
See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); White v.
Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).  Wellpath also
argues that it should be dismissed because it cannot be held
vicariously liable under 42 U.S.C. § 1983 based on the averments
in the complaint for its employees' acts or omissions.

I

When considering a motion to dismiss for failure to
state a claim under Rule 12(b)(6), the court must accept as true
all well-pleaded factual allegations in the complaint and draw
all reasonable inferences in the light most favorable to the
plaintiff.  See Phillips v. Cty. of Allegheny, 515 F.3d 224, 233
(3d Cir. 2008); Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59,
64 (3d Cir. 2008).

On a motion to dismiss under Rule 12(b)(6), the court
may consider "allegations contained in the complaint, exhibits
attached to the complaint and matters of public record."
Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,
998 F.2d 1192, 1196 (3d Cir. 1993) (citing 5A Charles Allen
Wright & Arthur R. Miller, Federal Practice and Procedure § 1357
(2d ed. 1990)).  The court may also consider "matters
incorporated by reference or integral to the claim, items

-2-

subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (citing 5B Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004)).

II

The court first turns to the motion of Wellpath to dismiss.  Under § 1983, there is no vicarious liability.  See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691 (1978).  A municipal employer or a private employer who is a state actor such as Wellpath can only be held liable if the constitutional violation was the result of a policy or custom of the municipality or private entity.  See id. at 694.

The complaint references the contract which Wellpath has with the Pennsylvania Department of Corrections to provide medical services and which provides Wellpath each year with a set sum of money to do so.  The complaint also alleges that the Medical Director at SCI Phoenix has the sole authority under the contract to refer patients for off-site medical services, including surgical procedures.  That is as far as the complaint goes with its allegations against Wellpath.  It contains no allegation that a custom or policy of Wellpath has resulted in a violation of the constitutional rights of plaintiff.

-3-

Accordingly, the motion of Wellpath LLC to dismiss the complaint as to it will be granted.

III

Before turning to the motion of the remaining defendants, the court notes that on February 9, 2022 counsel for defendants filed a notice of the death of Dr. Weiner.  Rule 25(a)(1) of the Federal Rules of Civil Procedure permits substitution of a party when a party dies in the course of litigation but the claim is not yet extinguished.  A motion may be made by either party to substitute the proper party but must be made within "90 days after service of a statement noting the death" or else the action against the decedent must be dismissed.  Fed. R. Civ. P. 25(a)(1).

Dr. Weiner, however, died on January 28, 2022, before this lawsuit was filed on February 7, 2022.  Rule 25(a)(1) only applies when a party dies during the litigation, not before the action has commenced.  See e.g., Darmanchev v. Royshteyn, 234 F.R.D. 78, 79 (E.D. Pa. 2005).  "If a person commences an action against a person who has previously deceased, the only recourse is to file a new action naming the decedent's personal representative as the defendant."  Id.

Because Dr. Weiner had died before plaintiff brought this lawsuit, the court will dismiss this action as to him.

-4-

IV

As to the motion of Dr. Anthony Letizio and Joseph
Walsh to dismiss, the complaint contains sufficient allegations
to state plausible claims for deliberate indifference to a
serious medical need, see Natale v. Camden Cty. Corr. Facility,
318 F.3d 575, 582 (3d Cir. 2003), and for punitive damages, see
Smith v. Wade, 461 U.S. 30, 51 (1983).  When taken in the light
most favorable to plaintiff, the complaint states multiple facts
relating to plaintiff's persistent hip pain and the
recommendations from outside medical providers that he receive
surgical intervention which defendants, as those responsible for
plaintiff's medical care, knew of but never provided.

The supplemental claim for negligence under
Pennsylvania law is also sufficiently pleaded, and plaintiff has
now filed the required Certificate of Merit within the time
allowed.

Accordingly, the motion of defendants Dr. Anthony
Letizio and Joseph Walsh to dismiss will be denied.